IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 95-10100
Summary Calendar
_____

JIM RAY HOUSLEY,                                    Plaintiff-Appellant,

versus

SHERIFF, LIPSCOMB COUNTY,
TEXAS, ET AL.,                                      Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
(2:92-CV-43)
_____

(April 13, 1995)

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM*:

   Jim Ray Housley ("Housley"), proceeding *in forma pauperis*,
filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983
against Calvin Babitzke, Sheriff of Lipscomb County, Texas
("Sheriff Babitzke"); Larry Williams, Sheriff of Custer County,
Oklahoma ("Sheriff Williams"); and Larry Burrows, Sheriff of
Washita County, Oklahoma ("Sheriff Burrows").  The district court
dismissed the complaint as frivolous pursuant to 28 U.S.C. §

_____

   *  Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

1915(d).  We affirm.

I.

Housley's § 1983 complaint alleged that Sheriff Babitzke arrested him for stealing diesel fuel, although he had no diesel fuel in his possession, illegally searched him and seized his property.  He alleged that Sheriff Burrows conspired with Sheriff Babitzke and caused a fugitive from justice complaint to be "filed falsely."  He further alleged that Sheriff Babitzke conspired with Sheriff Williams to illegally detain Housley, violate his due process rights and inflict double jeopardy and cruel and unusual punishment.  He also alleged that Sheriff Babitzke conspired with the Lipscomb County District Attorney, who was not named as a defendant, to "take all of [Housley's] property and ask him to sign papers saying in return for his release he will not sue them."  Finally, Housley alleged that he was stopped without probable cause, he was illegally searched, his property was illegally seized, he was not arraigned within forty-eight hours of his arrest, he was denied a speedy trial, he was falsely imprisoned and he is being held without bond.

The magistrate judge directed Housley to supplement his pleading to allege with particularity all material facts which would establish his right to recovery, including detailed facts supporting his contention that a plea of immunity could not be sustained.  Housley filed an amended complaint.  The magistrate judge subsequently found that Housley's allegations did not "meet the heightened pleading requirements necessary to commence a

2

lawsuit against a public official for acts for which he is potentially immune." The magistrate judge again directed Housley to supplement his pleading to allege with particularity all material facts on which he would establish his right to recovery, and presented Housley with fourteen specific questions concerning his claims.

In response, Housley alleged that Lipscomb County sheriff's deputies conducted an illegal search and seizure and illegal arrest, for which Sheriff Babitzke was responsible. He contended that Sheriff Babitzke was "liable to [him] for conspiracy," but that he was "not required to plead his evidence." He further contended that Sheriff Babitzke conspired with Sheriff Burrows to issue a fugitive from justice warrant in Washita County, Oklahoma, causing Housley to be illegally held. He contended that Sheriff Babitzke and Sheriff Burrows were responsible for illegally holding him in the Washita County, Oklahoma jail from October 1, 1991 until December 4, 1991. He contended that Sheriff Babitzke and Sheriff Williams were responsible for illegally holding him in the Custer County, Oklahoma jail from December 4, 1991 until February 18, 1992. He stated that he was presently illegally confined in a medium security prison in Oklahoma. He further alleged that his property was taken without a hearing and that the grand jury indictment was illegal.

The magistrate judge determined that Housley had refused to comply with the court's order directing him to allege specific facts that would defeat a plea of immunity and to plead material

facts to support his naked allegation of conspiracy. The magistrate judge recommended that Housley's complaint be dismissed for refusal to comply with the court's briefing order. Housley filed objections to the magistrate judge's Report and Recommendation.

The magistrate judge subsequently issued a supplemental Report and Recommendation, in which he determined that Housley had not provided specific facts to meet the heightened pleading standard to overcome a defense of qualified immunity. The magistrate judge again recommended that Housley's complaint be dismissed. Housley filed objections to the supplemental Report and Recommendation.

The magistrate judge made one last attempt to extract necessary information from Housley to complete the review under 28 U.S.C. § 1915(d). The magistrate judge directed Housley to fill out an enclosed questionnaire with factual information, rather than case citations or legal arguments.

In his responses to the questionnaire, Housley again alleged that the Lipscomb County and Washita County sheriffs had conspired to illegally issue a fugitive from justice warrant, resulting in Housley's confinement. Housley alleged that Sheriff Babitzke took his property and conspired with other officials to maliciously prosecute him and to keep his property. With regard to Sheriffs Williams and Burrows, Housley alleged that they each conspired with the other two defendants to keep Housley jailed.

The magistrate judge filed a second supplemental Report and Recommendation, in which he determined that Housley had failed to

4

allege sufficient facts from which it could be held that no reasonable officer would have committed the acts alleged by Housley, and that the majority of Housley's allegations constituted mere conclusional allegations that the defendants acted "illegally" or "improperly." The magistrate judge noted that Housley's account of the underlying facts was "almost incoherent." The magistrate judge recommended that Housley's complaint be dismissed as frivolous. The district court adopted the magistrate judge's supplemental Report and Recommendation and second supplemental Report and Recommendation and dismissed Housley's complaint.

## II.

Housley argues that the district court erred by dismissing his civil rights complaint as frivolous. A complaint filed *in forma pauperis* ("IFP") may be dismissed as frivolous pursuant to § 1915(d) if it has no arguable basis in law or in fact.[1] We review a § 1915(d) dismissal for an abuse of discretion.[2] We may affirm a district court's decision on a basis not cited by the district court.[3]

In *Heck v. Humphrey*, ___ U.S. ___, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the U.S. Supreme Court directed that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

---

[1] *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Id.*

[3] *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981).

5

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

*Id.* at 2372 (footnote omitted). *Heck* requires the district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because this case presents a potential *Heck* problem, we must determine whether any of Housley's allegations would imply the invalidity of a conviction or sentence that has not been reversed, expunged, or declared invalid.

Review of Housley's pleadings reveals that the majority of his allegations stem from a traffic stop in Lipscomb County, Texas on November 4, 1990, and the resulting narcotics charge on September 5, 1991. From this incident come his allegations of an illegal arrest without probable cause, an illegal search and seizure and a taking of his property.

After Housley posted bond, he left Texas for Oklahoma, and was then arrested in Oklahoma for possession of stolen goods and possession of controlled substances. The gravamen of his complaint with regard to this arrest appears to be that it was the result of a conspiracy between the Lipscomb County, Texas and Washita County, Oklahoma sheriffs. Oklahoma authorities then filed Fugitive from Justice charges against Housley, alleging that he fled from the

6

State of Texas into the State of Oklahoma to avoid prosecution. Again, Housley alleges that this was the result of a conspiracy between the sheriffs to keep him illegally confined.

Housley was again released on bond and was subsequently arrested in Custer County, Oklahoma for driving with a suspended license. Housley was later convicted of the Washita County, Oklahoma charges, and was confined under that sentence at the time he filed his various pleadings.

In his last set of objections to the magistrate judge's second supplemental Report and Recommendation, Housley advised the district court that the Washita County, Oklahoma conviction had been reversed and dismissed, and that only the complaint out of Lipscomb County was pending. He stated that he was again being held in the Lipscomb County jail. In his appellate brief, however, Housley stated that the Lipscomb County case had been "decided in [his] favor" on January 17, 1995, when the state court granted his motion to suppress and dismissed the charges. The docket sheet indicates that Housley was then returned to an Oklahoma state prison. It does not appear, and Housley does not assert, that his present confinement is related to the allegations in his § 1983 complaint.

Given that the Washita County, Oklahoma conviction was reversed, and assuming, as Housley alleges, that the Lipscomb County, Texas charges were dismissed, we find no *Heck* concerns that would require the dismissal of Housley's complaint. Further, Housley does not allege that his current confinement is related to

7

the allegations in his complaint. Therefore, we may address the merits of Housley's complaint.

Housley alleged, in his initial complaint and in his responses to the magistrate judge's orders to supplement his pleadings, that the three defendant sheriffs conspired with each other and with other officials to keep Housley's property, to maliciously prosecute him, to illegally issue a fugitive from justice complaint and to keep him illegally confined. Merely conclusional allegations of conspiracy, however, will not support an action under § 1983.[4] Housley fails to state any factual basis to support his charges of conspiracy.[5] The district court provided Housley with several opportunities to offer a more detailed set of factual claims.[6] As Housley failed to allege any facts to support his allegations of conspiracy, the district court did not abuse its discretion by dismissing his complaint as frivolous.[7]

---

[4] *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

[5] *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

[6] *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

[7] In *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985), this Court enunciated a heightened pleading standard "[i]n cases against government officials involving the likely defense of immunity," requiring "of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Id.* at 1473. In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, ___U.S.___, 113 S.Ct. 1160, 1162-63, 122 L.Ed.2d 517 (1993), the Supreme Court held that a heightened pleading standard could not be required of plaintiffs' § 1983 claims against municipalities, expressly reserving the question whether a heightened pleading standard was still permissible in a suit against an individual government official. In *Schultea v. Wood*, ___ F.3d ___ (5th Cir.

Housley further contended that Lipscomb County sheriff's deputies stopped him without probable cause and conducted an illegal search and seizure. Housley contends that Sheriff Babitzke is responsible for this alleged constitutional violation.

In order to state a claim under § 1983, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law.[8] A defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed." *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Because Housley has not shown that Sheriff Babitzke was personally involved in the alleged illegal stop, search and seizure, the district court did not abuse its discretion by dismissing the complaint as frivolous.

---

March 9, 1995, No. 93-2186) (en banc) 1995 U.S. App. Lexis 4673, this Court revisited *Elliott* and held that a complaint must rest on more than conclusions alone, and that district courts may order the plaintiff to file a reply tailored to an answer pleading the defense of qualified immunity. *Id.* at *20. The Court stated that it did not change procedures developed under § 1915(d), and that district courts retained the power to dismiss claims based upon an indisputably meritless legal theory without awaiting any responsive pleading to conduct its inquiry. *Id.* at *21-22.

[8] *Manax v. McNamara*, 842 F.2d 808, 812 (5th Cir. 1988).

Further, although provided several opportunities by the magistrate judge, Housley never expounded on the allegations in his original complaint that the defendants violated his due process rights, inflicted double jeopardy and cruel and unusual punishment, denied him a speedy trial, falsely imprisoned him and held him without bond and that the grand jury indictment was illegal. Therefore, the district court did not abuse its discretion by dismissing these claims as frivolous. In any event, because Housley did not argue these issues in his appellate brief, they are deemed abandoned on appeal.[9]

### III.

For the reasons articulated above, the district court's § 1915(d) dismissal is AFFIRMED.

---

[9] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).